UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERIT H. CHESLEY,

           Plaintiff,

vs.                                          Case No. 8:06-cv-1688-T-24MAP

THOMAS A. CHESLEY,

           Defendant.
_____/

## O R D E R

This cause comes before the Court sua sponte. Defendant Thomas A. Chesley filed a Notice of Removal (Doc. No. 1) alleging that this Court has federal question jurisdiction. The underlying action filed in state court is a petition for injunction for protection against domestic violence. Defendant states in the Notice of Removal that the removal "is based on Thomas Chelsey's Fifth Amendment right to due process of law, as well as violation of his Sixth Amendment right to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense." This allegation, however, is insufficient to establish subject matter jurisdiction in this action.

The rules for determining whether a controversy "arises under" federal law, thereby creating federal question jurisdiction, are well established. First, federal law must be an "essential" element of the *plaintiff's* cause of action. Schultz v. Coral Gables Fed. Sav. & Loan Ass'n, 505 F. Supp. 1003, 1008 (S.D. Fla. 1981)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936)). Second, the federal question that is the predicate for removal "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Id. (quoting Gully, 299 U.S. at 113). As a general rule then, plaintiff's state court pleadings control removability. Third, the federal question may not be inferred from a defense asserted or one expected to be made. Fourth, the federal question raised must be a "substantial" one. Finally, the party seeking removal bears the burden of satisfying each of these preconditions. Id.

The Court finds that there is no federal question in this case arising under the Constitution, laws or treaties of the United States included in the Plaintiff's petition for injunction for protection against domestic violence, and, consequently, this Court lacks subject matter jurisdiction.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)   The Clerk is directed to remand this case to state court.

(2)   The Clerk is directed to terminate all pending motions and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of September, 2006.

RICHARD A. LAZZARA
United States District Judge